UNITED STATES of America

v.

**Barrington CLARKE, Appellant.**

No. 08–2257.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 25, 2008.

Opinion filed: Sept. 30, 2008.

Thomas J. Eicher, Esq., Emily McKillip, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff.

Barrington Clarke, White Deer, PA, pro se.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Appellant Barrington Clarke was indicted in United States District Court for the Eastern District of Pennsylvania along with numerous other individuals and charged with conspiracy to distribute illegal drugs, racketeering, violent crime in aid of racketeering, and distribution of illegal drugs. Clarke was convicted by a jury of the drug counts and the racketeering count but acquitted of the violent crime in aid of racketeering count. The District Judge assigned to the case, the Honorable James McGirr Kelly, sentenced Clarke under the United States Sentencing Guidelines to 2 terms of life imprisonment on the conspiracy and RICO counts, and one 15–year term of imprisonment on the distribution of illegal drugs count, the sentences to run concurrently.

We affirmed on direct appeal in *United States v. Clarke*, C.A. No. 91–2059, 980 F.2d 725, on October 29, 1992. Whether Clarke had withdrawn from the conspiracy prior to November 1, 1987, and thus whether he should have been sentenced under the Guidelines, were among the issues contested on appeal.[1] In April 1997,

---

1. We considered these issues:

   1. Were Clarke's 2 life sentences imposed

on the conspiracy and racketeering counts

Clarke filed a motion to vacate sentence under 28 U.S.C. § 2255, in which he claimed, among other things, that sentencing him under the Guidelines was a violation of due process. Following the filing of a Report and Recommendation by the Magistrate Judge, and the filing of Objections by Clarke, Judge Kelly denied the motion. We declined to issue a certificate of appealability in *United States v. Clarke,* C.A. No. 98–1533.

On October 15, 2003, Clarke filed a Rule 35(a) motion pursuant to the 1985 version of the rule, which permitted correction of an illegal sentence at any time.[2] Clarke contended that his sentence illegally exceeds the statutory maximum applicable to 21 U.S.C. § 841(b), and the jury was not asked to make a finding, beyond a reasonable doubt, as to the quantity of drugs attributable to him, in contravention of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Judge Kelly denied the motion, *see United States v. Clarke,* 2004 WL 1237351 (E.D.Pa. April 28, 2004), and we summarily affirmed, concluding that Clarke was required to proceed under the current version of Rule 35, which provided him no relief,[3] and, in any event, *Apprendi* was not retroactive to cases on collateral review under *In re: Turner,* 267 F.3d 225, 231 (3d Cir.2001). *See United States v. Clarke,* C.A. No. 04–2288 (3d Cir. December 21, 2004).

Turning to the matter presently before us, on June 28, 2007, Clarke filed another Rule 35(a) motion pursuant to the 1985 version of the rule, challenging the legality of his life sentence. Again invoking *Apprendi,* he contended that the termination date of a conspiracy is an element of the conspiracy offense if it has the potential to increase the statutory maximum sentence, and, as such, it is a question that must be answered by the jury beyond a reasonable doubt. The punishment prescribed for a conspiracy that ended before November 1, 1987 was less severe than for one that continued thereafter. In the absence of a jury finding that the conspiracy lasted past November 1, 1987, the application to him of the current version of Rule 35 violates *Apprendi.* Former Rule 35(a) applies when all conduct related to the conspiracy occurred prior to November 1, 1987 when the rule was amended.[4] Clarke contended

---

imposed in violation of the Ex Post Facto Clause?
  2. Did the statutory provisions and Guidelines under which Clarke was sentenced become effective after completion of the criminal conduct such that sentencing Clarke thereunder was plain error?
  3. Was the district court's determination that Clarke continued in the conspiracy and racketeering activities after November 1, 1987 clearly erroneous and improperly based on testimony taken at the sentencing hearing?
  4. Should Clarke be resentenced because the district court's finding that he continued in the conspiracy and racketeering acts was based on materially false information? *Clarke,* No. 91–2059, Judgment Order dated October 29, 1992.

2. The former Rule 35(a) provided: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

3. The current Rule 35 provides only for: (1) correction of technical errors if the motion is made within seven days of the judgment; or (2) reduction of sentence pursuant to a government motion based on the defendant's cooperation. Fed. R.Crim. Pro. 35(a), (b).

4. The version of Rule 35 that became effective on November 1, 1987, was narrower. It did not permit a District Court to correct a sentence except on a remand by the court of appeals following a finding of error, providing, in pertinent part, that "[t]he court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court." Fed. R.Crim. Pro. 35(a) (1988).

that Judge Kelly made the determination by a preponderance of the evidence that he had not withdrawn from the conspiracy until well after November 1, 1987 based on testimony taken at the sentencing hearing. The trial testimony, on the other hand, established only that he had quit the conspiracy in September 1986.

Due to Judge Kelly's death, the case was reassigned to the Honorable Gene E.K. Pratter. In denying this latest Rule 35(a) motion, Judge Pratter relied on Judge Kelly's 2004 opinion denying Clarke's first Rule 35(a) motion, wherein Judge Kelly stated: "Former Rule 35 . . . is not applicable to Defendant's offense. . . . Defendant contends that his involvement with the drug conspiracy ended prior to November 1, 1987. Yet, a jury determined that Defendant was involved in a conspiracy that continued past . . . November 1, 1987." *Clarke*, 2004 WL 1237351, at *2. Judge Pratter also determined that relief was not available to Clarke under current Rule 35.

Clarke appeals. Our Clerk granted him leave to appeal *in forma pauperis* and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. *See Cristin v. Brennan*, 281 F.3d 404, 409 (3d Cir.2002). We will summarily affirm the order of the District Court dismissing Clarke's Rule 35(a) motion to correct an illegal sentence, because it clearly appears that no substantial question is presented by this appeal. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.

We conclude that the determination of what version of the Federal Rules of Criminal Procedure is applicable is not governed by *Apprendi*, that the District Court properly ruled that current Rule 35 is applicable to Clarke, and that his present motion is not authorized by current Rule 35. In *United States v. Rivera*, 376 F.3d 86 (2d Cir.2004), the Court of Appeals for the Second Circuit explained that:

> [E]ach version of Rule 35 has merely provided a mechanism by which—after a defendant has been sentenced—the court has been allowed, in the circumstances set out in the Rule itself, to correct the sentence. Rule 35 does not establish sentencing levels or specify the factual basis for any sentencing calculation. Nor does any version of the Rule alter the maximum penalty for an offense of conviction or permit a sentence to be increased above the statutory maximum.

*Id.* at 91. We agree that nothing in *Apprendi* requires a jury determination of any fact before a court can determine what version of Rule 35 governs a given motion. We further agree with the District Court that no relief is available to Clarke under the current version of Rule 35.

For the foregoing reasons, we will summarily affirm the District Court's Order denying the Rule 35(a) motion.